SKOLFIELD (ROBERTS v.). See Case No. 11,917.

———

## Case No. 12,926.

### In re SKOLL.

[16 N. B. R. 175;[1] 1 N. W. Rep. (O. S.) 108; 1 Month. Jur. 350; 9 Chi. Leg. News. 377; 6 Am. Law Rec. 15; 1 Tex. Law J. 42; 4 Law & Eq. Rep. 196; 24 Pittsb. Leg. J. 207.]

District Court, D. Minnesota. July 21, 1877.

BANKRUPTCY—ASSIGNMENT FOR BENEFIT OF CREDITORS—INJUNCTION.

Upon the institution of proceedings in bankruptcy an assignee for the benefit of creditors may be enjoined from interfering with the debtor's assets before an adjudication has been had.

Certain creditors of [Jacob] Skoll, a clothier at Minneapolis, claiming to represent one-fourth in number of his creditors, and one-third of the amount of his indebtedness provable under the bankrupt law, have commenced proceedings to have him adjudged bankrupt. On July 7th, Skoll made an assignment to one Clementson of his stock of goods for the benefit of his creditors equally. On filing the petition in bankruptcy, application was made for an injunction to restrain Clementson from making any transfer of the debtor's property, which was granted. A motion is now made to dissolve the injunction.

NELSON, District Judge. This assignment is a fraud upon the bankrupt law [of 1867 (14 Stat. 517)], and an act of bankruptcy. Such is the settled doctrine in this district. In re Burt [Case No. 2,210]. Clementson, the assignee, does not occupy the position of a bona fide purchaser. The assignment to him is voidable, and creditors can by bankruptcy proceedings set it aside. If they comply with the 39th section of the bankrupt law of 1867, as amended, the debtor will be adjudged a bankrupt, and the assignment having been

[1] [Reprinted from 16 N. B. R. 175, by permission.]

made by him when admittedly insolvent, his assignee in bankruptcy may recover the property or the value thereof. The bankrupt law contemplates a distribution of the debtor's assets in the federal court and a full administration in that jurisdiction; and provides that transfers or conveyances defeating its operation shall be void. It is manifestly then my duty to protect the right of creditors to have the property thus distributed, and to that end restrain, by injunction, the assignee under the state law, seeking to take the property from the control of the bankrupt court, and compel him to desist from disposing of it before an adjudication in bankruptcy. In that way only can full effect be given to the operation of the bankrupt law. Motion denied.